IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

**CORNELIUS TUCKER, JR.,**

    **Plaintiff,**

v.                                        **Case No. 6:08-cv-00272**

**DARRELL HARPER, Manager,**
**GARY BRADLEY,**
**E. CORONSETH, and**
**TRAVIS H. SIMPSON,**

    **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

On or about April 8, 2008, Plaintiff filed a Complaint in the Magistrate Court of Wood County, West Virginia, against Darrell Harper, Manager, and three other defendants. (<u>See</u> Notice of Removal, docket # 1). The Complaint alleges that the "defendants act directly to illegally possess my customer files, 2006 thru 2008. In their personal capacity, under color of state laws. Also, $500.00." The remainder of the complaint is illegible or incoherent.

<u>Motion to Dismiss Darrell Harper and Substitute the United States</u>

On April 22, 2008, the United States of America, on behalf of its employee, Darrell Harper, removed this civil action to this United States District Court pursuant to 28 U.S.C. § 1442(a)(1). On April 22, 2008, the United States filed a Motion to Dismiss Darrell Harper and to Substitute the United States of America as

Party Defendant (# 2), including a certification by the United States Attorney that Darrell Harper was acting within the scope of his employment as an employee of the United States, and a Memorandum of Law in support thereof (# 3).  In the Motion and Memorandum of Law, the United States asserts that Plaintiff's Complaint alleges a tort claim against Darrell Harper, and that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 et seq., requires that the claim be brought against the United States, not its individual employee.  (# 3 at 2).

As noted by the United States in its Memorandum of Law, section 2679(b)(1) immunizes a federal employee from liability for his "negligent or wrongful acts or omissions . . . while acting within the scope of his office or employment . . . ."  28 U.S.C. § 2679(b)(1).  The Memorandum of Law further notes that sections 2679(d)(1) and (2) provides that, upon certification from the Attorney General that a defendant employee was acting within the scope of his employment at the time of the incident described in the complaint, the United States shall be substituted for the employee as the party defendant.  28 U.S.C. §§ 2679(d)(1) and (2) (Id. at 2-3).  Under 28 C.F.R. § 15.4(a), the Attorney General of the United States has delegated the authority to provide such certification to the United States Attorney for the district in which the incident allegedly occurred.  28 C.F.R. § 15.4(a).

In this case, the United States has provided a Certification

2

executed by the United States Attorney for the Southern District of West Virginia that indicates that Darrell Harper was acting within the scope of his employment as an employee of the United States at the time of the alleged incident giving rise to Plaintiff's Complaint. (# 2, Ex. 1). Accordingly, the United States has moved to dismiss Darrell Harper as a defendant and to substitute the United States of America as the party defendant.

In accordance with the authority discussed above, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the United States of America's Motion to Dismiss Darrell Harper and to Substitute the United States of America as Party Defendant (# 2).

Motion to Dismiss for Lack of Subject Matter Jurisdiction

The United States has filed a motion to dismiss the United States for lack of subject matter jurisdiction, without prejudice, asserting that Plaintiff's complaint sounds in tort, but that Plaintiff failed to file an administrative tort claim with the federal agency involved, as required by the Federal Tort Claim Act, 28 U.S.C. § 2671 et seq.  The motion and memorandum assert that Plaintiff failed to present an administrative tort claim to the Department of the Treasury, and thus did not exhaust the administrative remedy required by 28 U.S.C. § 2675. (# 4 at 1; # 5 at 1-2).  Plaintiff has failed to respond to the Motion within the time permitted by the Local Rules.

The undersigned proposes that the presiding district judge **FIND** that Plaintiff has failed to present an administrative claim to the Department of the Treasury as required.  It is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion to Dismiss without prejudice, for lack of subject matter jurisdiction.

Remaining Defendants

The undersigned is unable to read or to understand the remaining allegations in Plaintiff's complaint. Rule 8(a)(2), *Fed. R. Civ. P.*, requires a complaint to be a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint fails to meet the standard of Rule 8(a)(2). Accordingly, it is further **RECOMMENDED** that this action be dismissed without prejudice as to the remaining defendants.  The court notes that Plaintiff has previously filed at least twelve suits relating to his complaints with the Bureau of the Public Debt, many of which have been deemed to be frivolous and/or malicious.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing), from the date of filing this

Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Chief Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff, and to transmit it to counsel of record.

   May 14, 2008  
       Date

Mary E. Stanley  
United States Magistrate Judge